**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

---

GIULIANA DESIMONE,                                   CASE NO. 2:21-cv-02063-PD
        Plaintiff,

    vs.

TRANS UNION, LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; EQUIFAX INFORMATION
SERVICES LLC; AND AMERIFINANCIAL
SOLUTIONS, LLC,
        Defendants.

---

**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND**
**AFFIRMATIVE DEFENSES**

---

Trans Union LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the

"Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim

with Trans Union LLC's responses immediately following.

**COMPLAINT AND JURY DEMAND**
**Preliminary Statement**

1.      This is an action for damages brought by an individual consumer against the

Defendants (named below) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et*

*seq*. (the "FCRA") and the Fair Debt Collection Practices Act, 1692 *et seq*. (the "FDCPA").

**ANSWER:**    Trans Union denies that it violated the FCRA (or any other law). Trans

Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against

Trans Union. Trans Union states that the allegations of this paragraph are legal conclusions and,

so stating, denies them.

**Jurisdiction and Venue**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §1331,

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391 (b).

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**Parties**

4.      Plaintiff Giuliana DeSimone is an adult individual who resides at 113 Paint Island Spring Rd., Millstone Township, NJ 08510.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5.      Defendant Trans Union, LLC ("TU") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, which has a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

**ANSWER:**   Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois and, as such, denies the allegation that its principal place of business is "located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022." However, Trans Union admits, as a general matter, that it conducts business in the Eastern District of Pennsylvania.

6.      Defendant Experian Information Solutions, Inc ("EX") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, with a registered agent for service: The Corporation Trust Company, 820 Bear Tavern Road, Ewing Township NJ 08628.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7.     Defendant Equifax Information Services LLC ("EQ") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, with a registered agent for service: The Corporation Trust Company, 820 Bear Tavern Road, Ewing Township NJ 08628. At times TU, EX and EQ are collectively referred to as the "Credit Reporting Defendants".

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8.     Defendant AmeriFinancial Solutions, LLC ("AFS") is a business entity with a principal place of business at 300 Redland Ct., Suite 207, Owing Mills, MD 21117 with the following registered agent for service: The Corporation Trust Company, 2405 York Road, Suite 201, Lutherville Timonium MD 21093-2264.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

### Facts

9.     Defendants have repeatedly reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

10.     The inaccurate information includes but is not limited to a trade line reported by Defendants having to do with Plaintiff's collection account with AFS. AFS is reporting a debt allegedly owed by Plaintiff relating to a medical procedure provided to Plaintiff by Central Jersey

ER Medical Associates ("Central ER"). The information reported by AFS through the Credit Reporting Defendants is inaccurate, false and misleading because, among other things, the debt incurred through Central ER was to be paid for through Plaintiff's health insurance carrier. Central ER, however, 'miscoded' the billing submission to Plaintiff's insurance when seeking reimbursement for the medical services provided. Central ER failed to resubmit a request for payment with the proper billing code(s) to Plaintiff's insurance within the required timeframe. It is Central ER's failure to submit (or resubmit) the required proper documents that caused any debt for services to occur. It is false and misleading to, among other things, assess Plaintiff with any derogatory and inaccurate credit reporting in this instance.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

11.      The inaccurate information has repeatedly appeared on Plaintiff's consumer report provided by the Credit Reporting Defendants. Plaintiff disputed the inaccurate information with the Defendants, and Defendants have refused to remove the inaccurate information.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12.     Defendants continue to report the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

13.     Defendants either did not engage in any investigation when they were informed of the inaccurate reporting, or (alternatively) did not engage in a reasonable investigation, as such an investigation would have revealed that the inaccurate information was false and misleading.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

14.     Defendants also failed to institute or adhere to policies and procedures that could have prevented the reporting of the inaccurate information.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

15.     Defendants knew or should have known that their actions violated the FCRA. Additionally, Defendants could have taken the steps necessary to bring their agents' actions within

compliance of the statutes but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

16.     Plaintiff s credit report and file have been obtained from TU, EX and EQ and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from TU, EX and EQ by such third parties. Plaintiff has also suffered increased interest rates, reduced opportunities for financing, and increased insurance premiums as a substantial result of Defendants reporting of the inaccurate information.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17.     Because of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit score reduction, informational harm, privacy harm, credit defamation and emotional distress, including, but not limited to, anxiety, frustration, embarrassment, and humiliation.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

18.    At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

19.    At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**Count One - Violations of the FCRA**
**Plaintiff v. TU, EX and EQ**

20.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**    Trans Union reasserts its answers and responses set forth herein.

21.    At all times pertinent hereto, TU, EX and EQ are each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**ANSWER:**    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

22.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

23.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

24.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i(a).

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

25.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual

and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**Count Two - Violations of the FCRA**
**Plaintiff v. AFS**

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

27.     At all times pertinent hereto, AFS was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

28.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

29.     AFS violated Sections 1681n and 168 lo of the FCRA by engaging in the following conduct:

willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed;

willfully and negligently failing to review all relevant information concerning Plaintiff's inaccurately reported trade lines;

willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

willfully and negligently failing to report the accurate status of the inaccurate information to all credit reporting agencies;

willfully and negligently failing to provide all credit reporting agencies with the factual information and evidence that Plaintiff provided to Verizon;

willfully and negligently continuing to furnish and disseminate inaccurate, unlawful and derogatory credit account and other information concerning Plaintiff to credit reporting agencies and other entities; and

willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 168ls-2(b).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph, including its supbparts, require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30.      The conduct of AFS was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above. As a result, Defendants [sic] are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**Count Three - Violation of the FDCPA**
**Plaintiff v. AFS**

31.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**     Trans Union reasserts its answers and responses set forth herein.

32.     AFS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

33.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

34.     The above reporting of inaccurate information to credit reporting agencies by AFS were "communications" relating to "debts" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

35.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

36.      AFS violated the FDCPA. AFS's violations include, but are not limited to, violations of:

a.      The false representation of the amount, character or legal status of a debt;

b.      Communicating or threatening to communicate to any person credit information which is known or which should be knowns to be false; and

c.      Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph, including its subparts, require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37.      AFS's acts, as described, above were done with intentional willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate/stale information.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

38.      As a result of the above violations of the FDCPA, AFS is liable to Plaintiff in the sum of Plaintiff s statutory damages, actual damages and attorneys' fees and costs.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**JURY TRIAL DEMAND**

39.      Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

**AFFIRMATIVE DEFENSES**

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Trans Union's reports concerning Plaintiff were true or substantially true.

3.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

6.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

7.      Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

8.      Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

9.      Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

10.      Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

11.      Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth,

Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

12.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

Date:   August 6, 2021

s/  Casey B. Green
Casey B. Green, Esq. (PA #91005)
Sidkoff, Pincus & Green, P.C.
1101 Market Street, Suite 2700
Philadelphia, PA, 19107
Telephone:  215-574-0600
Fax:  215-574-0310
E-Mail:
cg@sidkoffpincusgreen.com

*Counsel for Defendant Trans Union, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing has been filed electronically on the **6th day of August, 2021**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Richard Kim, Esq.<br>rkim@thekimlawfirmllc.com | Jakob F. Williams, Esq.<br>jfwilliams@clarkhill.com |
| --- | --- |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **6th day of August, 2021** properly addressed as follows:

| None. | |
| --- | --- |

*s/  Casey B. Green*
Casey B. Green, Esq. (PA #91005)
Sidkoff, Pincus & Green, P.C.
1101 Market Street, Suite 2700
Philadelphia, PA, 19107
Telephone:  215-574-0600
Fax:  215-574-0310
E-Mail:
cg@sidkoffpincusgreen.com

*Counsel for Defendant Trans Union, LLC*